IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


United States of America,

        Plaintiff,


        vs.                          Case No. 11-10034-01JTM


Ramon H. Rivero,

        Defendant.


MEMORANDUM AND ORDER


This matter comes before the court on the defendant Ramon Rivero's Motion for Release, appealing the decision of the United States Magistrate Judge that he be held in detention pending trial. Rivero is charged with distribution of and conspiracy to distribute methamphetamine, and money laundering and conspiracy to launder money. 21 U.S.C. §§ 841, 846; 18 U.S.C. § 1956, 1957, 1961. The Magistrate Judge, applying the standards set forth in 18 U.S.C. § 3142, determined on March 10, 2011, that Rivero posed a flight risk and denied release.

The court conducts its review of detention orders *de novo*, making its own factual findings, 18 U.S.C. § 3145(b), although it may incorporate the records and exhibits presented to the Magistrate Judge. *United States v. Lutz*, 207 F.Supp.2d 1247, 1251 (D. Kan. 2002). The court hereby incorporates that record here.

The thrust of Rivero's argument is that, although not a citizen of the United States, he has

been a lawful permanent resident of the United States for seven years. (Dkt. 343, at 2). He references

his prior employments and his "hope[] to remain in the United States" (*Id.*) His most important point,

however, is that the ICE detainer lodged against him should not be a basis for his pretrial detention,

citing two decisions from other courts, *United States v. Barrera-Omana*, 638 F.Supp.2d 1108, 1111-

12 (D. Minn. 2009) and *United States v. Montoya-Vasquez*, No. 4:08CR3174, 2009 WL 103596, *4

(D. Neb. Jan. 13, 2009).

But these decisions did not conclude that an ICE detainer is irrelevant to the issue of a

detainer, that the court must ignore its existence. They simply concluded that the existence of a

detainer does not trump the other elements of § 3142. *See Barrera-Omana*, 638 F.Supp.2d at 1111

(rejecting government's argument "that *any* defendant encumbered by an ICE detainer *must* be

detained" and concluding that "the mere presence of an ICE detainer is not a determining detention

factor") (emphasis added); *Montoya-Vasquez*, 2009 WL 103596 at *4 (stressing that all other § 3142

factors supported release and that "[b]ut for the ICE threat of removing him, [the defendant] would

absolutely be eligible for release").

But while an ICE detainer may not be a decisive factor, it its certainly a relevant one, indeed,

one which this court has found "weighs heavily in the risk of flight analysis." *United States v. Dozal*,

No. 09-2005-08-KHV, 2009 WL 873011, *4 (D. Kan. March 27, 2009). And it appears that the

Magistrate Judge did not treat the detainer as decisive, but simply one factor in his detention

decision. (Dkt. 30, at 2, ¶ 2).

Reviewing all of the evidence before the court, it finds, first, that given the potential

punishments involved for the charged offenses, there are no conditions of release which would

assure his appearance at trial if he were released, 18 U.S.C. § 3142, and a presumption exists in favor

of detention. Second, in addition to the detainer, Rivero has an extensive criminal history which

includes a conviction for felony identity theft, which, as the Magistrate Judge found, "evidences the ability to conceal his identity and increases the risk of flight." (*Id*. at ¶ 1). This felony fraud conviction further demonstrates a willingness to deceive, correspondingly reducing the credibility of his statements to this court.

The court finds that Rivero was only recently granted lawful permanent resident status, in 2008, and ICE is investigating whether Rivero accurately reported the information contained in his residency application. While Rivero references his other employment history, the court finds there is no credible evidence of recent and ongoing legitimate income. Further, the evidence against the defendant as to the money laundering and other charges is strong.

Taking all of the evidence together, the court finds that the presumption of detention has not been rebutted, and that Rivero's Motion for Release (Dkt. 34) should be and is now denied, this 30th day of March, 2011.

IT IS SO ORDERED.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE